## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ESTATE OF DOUGLAS K. CONNER,

                    Plaintiff,

     v.

NATIONAL RECOVERY AGENCY,

                    Defendant.

Civil Action No.

ELECTRONICALLY FILED

## NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)

PLEASE TAKE NOTICE that Defendant, National Recovery Agency (hereinafter referred to as "NRA"), respectfully submits this Notice of Removal in this civil action from the Court of Common Pleas of Franklin County, Pennsylvania, Civil Division to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction.  Specifically, Plaintiff, Estate of Douglas K. Conner, asserts a claim for damages against NRA arising out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

In support of this Notice of Removal, NRA, by and through its counsel, Gordon & Rees LLP, states as follows:

## PROCEDURAL BACKGROUND

1.    Plaintiff commenced this action by filing a Complaint in Court of Common Pleas of Franklin County, Pennsylvania, Civil Division on September 17,

2015, styled *Estate of Douglas K. Conner v. National Recovery Agency*, Case No. 2015-3409 (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2.      Plaintiff filed a Praecipe to Reinstate Complaint on October 13, 2015. The Complaint was served on NRA on October 29, 2015.

3.      The Complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq. See* Complaint, p. 3-4.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

4.      Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5.      Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6.      In *Stewart v. Dollar Loan Ctr., LLC.*, 2013 U.S. Dist. LEXIS 71157, 3-4, 2013 WL 2233029 (D. Nev. May 17, 2013), the plaintiff alleged violations of the Fair Debt Collection Practices Act.  The court held that removal was proper

because the plaintiff had alleged a federal cause of action over which the court had original, federal question jurisdiction. (*See id.*)

7.     This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that NRA violated 15 U.S.C. § 1692f(8) by using language or a symbol, other than the debt collector's address, on any envelope when communicating with a consumer by mail, and that NRA violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt. *See* Complaint, ¶¶ 22, 23. The Complaint also alleges that NRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See* Complaint, ¶ 8.

8.     Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by NRA pursuant to 28 U.S.C. § 1441(b).

9.     The Complaint does not allege any state law claims against NRA.

## TIMELINESS OF REMOVAL

10.    As noted above, the Complaint was served on NRA on October 29, 2015. NRA's Notice of Removal is timely because NRA filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

11.     Venue is proper in this district and division because the State Court Action was filed and is pending in the Court of Common Pleas of Franklin County, Pennsylvania, Civil Division, which is located within the United States District Court for the Middle District of Pennsylvania.

## COMPLIANCE WITH REMOVAL PROCEDURES

12.     NRA has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

13.     Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

14.     Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Court of Common Pleas of Franklin County, Pennsylvania, Civil Division, in Case No. 2015-3409.

15.     Copies of all process, pleadings and orders served on NRA are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

WHEREFORE, for the foregoing reasons, NRA removes this action from the Court of Common Pleas of Franklin County, Pennsylvania, Civil Division to the United States District Court for the Middle District of Pennsylvania and respectfully requests that this Court exercise jurisdiction over this action.

Respectfully Submitted,

**GORDON & REES LLP**

Dated: <u>November 20, 2015</u>

By: _____

Joshua D. Leaver, Esquire
Attorney I.D. No. 315369
17 South Second Street
Suite 204
Harrisburg, PA 17101
717-589-4600
jleaver@gordonrees.com
*Attorney for Defendant, National Recovery Agency*

5

## CERTIFICATE OF SERVICE

AND NOW, November 20, 2015, I, Joshua D. Leaver, Esquire, hereby certify that I did serve a true and correct copy of the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)** on the party below by E-Service via the Court's CM/ECF filing system addressed as follows to:

Daniel A. DeLiberty, Esq.
The DeLiberty Law Firm, P.C.
2809 West Chester Pike, Ste. 100
Broomall, PA 19008
610-353-0322
dan@delibertylaw.com
(Counsel for Plaintiff)

Joshua D. Leaver, Esquire

NA/25807689v.1